FILED
2014 May-27 PM 02:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA and PAUL W. BRYANT JR.,<br><br>    Plaintiffs,<br><br>v.<br><br>HOUNDSTOOTH MAFIA ENTERPRISES, LLC, WILLIAM PITTS JR. and CHRISTOPHER BLACKBURN,<br><br>    Defendants. | Civil Action No. 7:13-cv-01736-RDP |

## FINAL CONSENT JUDGMENT

Plaintiffs Board of Trustees of the University of Alabama ("University") and Paul W. Bryant Jr. (collectively, "Plaintiffs") and Defendants Houndstooth Mafia Enterprises, LLC, William Pitts Jr. and Christopher Blackburn (collectively, "Defendants"), having resolved the matters in issue between them, consent to entry of final judgment in this matter as follows:

1.      On December 3, 2007, Mr. Blackburn and Mr. Pitts filed application Serial No. 77/342,852 in the U.S. Patent and Trademark Office to register the HOUNDSTOOTH MAFIA & Design mark, depicted below (the "HOUNDSTOOTH MAFIA & Design Application");



1

2. Coach Paul "Bear" Bryant regularly wore a Houndstooth-pattern hat while on the sidelines of the University's football field for many years before his death in 1983. Because of the positive and widespread association of the Houndstooth pattern with the University, the University has used and licensed the Houndstooth pattern as a trademark in connection with a wide variety of goods, and the Houndstooth pattern has become a well-known source identifier for the University (the "Houndstooth Pattern Mark").

3. Based on their rights in the Houndstooth Pattern Mark, Plaintiffs opposed registration of the HOUNDSTOOTH MAFIA & Design Application by filing a notice of opposition (Opp. No. 91187103, the "Opposition") with the Trademark Trial and Appeal Board (the "Board");

3. The Board issued an opinion in the Opposition on July 23, 2013, in which the Board, inter alia, concluded that the HOUNDSTOOTH MAFIA & Design Application could proceed to registration over Plaintiffs' opposition (the "Board's Order");

4. Plaintiffs believe the Board's Order is clearly erroneous in a number of material respects and, pursuant to 15 U.S.C. § 1071(b), have appealed the Board's Order in this civil action and requested that this Court vacate the Board's Order (the "Appeal").

5. The parties acknowledge and agree that the Board's Order should be vacated.

6. Defendants Pitts and Blackburn have executed an Assignment that assigns to the University all right, title, and interest in and to the HOUNDSTOOTH MAFIA mark, including the HOUNDSTOOTH MAFIA & Design Application (the "Assignment"). As such, the HOUNDSTOOTH MAFIA & Design Application should proceed to registration on the Principal Register with the University as its owner.

7. Counsel for all parties consent to the terms of, and agree to the form of and entry of, this Consent Judgment.

THEREFORE, IT IS HEREBY **ORDERED** THAT:

1. The Clerk is directed to enter **FINAL JUDGMENT** in favor of Plaintiffs.

2. The Board's Order is **VACATED.**

3. Once the parties have properly recorded a copy of the Assignment with the U.S. Patent and Trademark Office, the Register of Trademarks is directed to permit the HOUNDSTOOTH MAFIA & Design Application (Serial No. 77/342,852) to be registered on the Principal Register with the University as its owner.[1]

4. Each party will bear its own costs and attorneys' fees.

**SO ORDERED**,

This 27th day of May, 2014.

_____
**R. David Proctor**
United States District Court Judge

CONSENTED TO ON THIS 23rd DAY OF MAY, 2014 BY:

_____  _____
R. Charles Henn Jr. (*pro hac vice*)           Jerald L. Watts II
Nichole Davis Chollet (*pro hac vice*)         Travis C. Hargrove
Kilpatrick Townsend & Stockton LLP             Page, Scrantom, Sprouse, Tucker & Ford P.C
Suite 2800, 1100 Peachtree Street              1111 Bay Avenue, Third Floor
Atlanta, GA 30309-4528                         Columbus, Georgia 31901
Telephone: (404) 815-6500                      Tel: (706) 243-5637
Facsimile: (404) 815-6555                      Facsimile: (706) 243-0417
Email: CHenn@ktslaw.com                        Email: tch@pssft.com
       NChollet@ktslaw.com                            jlw@pssft.com

---

[1] It is within this Court's authority to approve an application for registration under 15 U.S.C. § 1071(b) that, but for the pending opposition, would otherwise be entitled to registration. *See e.g. Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass 'n*, 333 F. Supp. 2d 975, 980 (D. Or. 2004) (ordering issuance of registration on ground that "there do not appear to be any objecting non-parties whose rights would be affected by the registration of [the disputed mark], which the PTO previously published for public opposition"), aff'd, 465 F.3d 1102 (9th Cir. 2006); *see also City of Carlsbad v. Shah*, 850 F. Supp. 2d 1087, 1117 n.24 (S.D. Cal. 2012) (referring to prior order requiring the USPTO to approve a series of applications filed by the lead plaintiff).

Mike Spearing (Bar No. ASB-4749-E52M)	Attorneys for Defendants
University of Alabama Office of Counsel
Room 222, Rose Administration
Box 870106
Tuscaloosa, Alabama 35401
Email: mspearingguasystem.ua.edu

*Attorneys for Plaintiffs*